# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN T. MAIER and**
**ANN L. MAIER,**

            Appellants,

    -vs-                                                              Case No. 12-C-707

**MARY GROSSMAN,**
**Chapter 13 Trustee,**

            Appellee.

# DECISION AND ORDER

Steven and Ann Maier filed a Chapter 13 plan which proposed to pay their student loan debt outside of the plan. The Trustee objected, and the bankruptcy court sustained the objection for the following reasons: (1) the Debtors could separately classify and provide for favorable treatment of the Debtors' long term student loan debt under 11 U.S.C. § 1322(b)(5), but only if the discrimination met the fairness requirement of 11 U.S.C. § 1322(b)(1); (2) the proposed discrimination in the Debtors' plan was unfair and therefore violated § 1322(b)(1); and (3) the Debtors' plan violated 11 U.S.C. § 1322(b)(10) since it proposed to pay interest on their student loan debt even though the plan did not provide for payment in full of all other claims. The court entered an order which sustained the trustee's objection and required the Debtors to file an amended plan within 30 days. Instead of filing an amended plan, the Debtors filed the instant appeal.

An order "denying confirmation of a plan is considered interlocutory and not a final order

unless the underlying case is also dismissed." *In re Giesbrecht*, 429 B.R. 682, 687 (B.A.P. 9th Cir. 2010). The district court can exercise jurisdiction over interlocutory appeals from the bankruptcy court, 28 U.S.C. § 158(a)(3), but only if the appeal involves a controlling question of law over which there is a substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the termination of the litigation. 28 U.S.C. § 1292(b); *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997). The test is conjunctive, meaning that all of the requirements must be satisfied. *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

This appeal involves two questions of law over which there are substantial grounds for difference of opinion: the interplay between §§ 1322(b)(1) and 1322(b)(5), *see In re Edmonds*, 444 B.R. 898 (Bankr. E.D. Wis. 2010), *In re Hanson*, 310 B.R. 131 (Bankr. W.D. Wis. 2004), and the applicability of § 1322(b)(10), *see In re Webb*, 370 B.R. 418 (Bankr. N.D. Ga. 2007), *In re Kubeczko*, No. 12-13766 HRT, 2012 WL 2685115 (Bankr. D. Colo. July 6, 2012). However, these legal issues are not necessarily "controlling" because the bankruptcy court's ruling on unfair discrimination could end up being the dispositive issue in this case. § 1322(b)(1). Unfair discrimination in the bankruptcy context is "one of those areas of the law in which it is not possible to do better than to instruct the first-line decision maker, the bankruptcy judge, to seek a result that is reasonable in light of the purpose of the relevant law, which in this case is Chapter 13 of the Bankruptcy Code; and to uphold his determination unless it is unreasonable (an abuse of discretion)." *In re Crawford*, 324 F.3d 539, 542 (7th Cir. 2003). The bankruptcy court's ruling on this issue does not present a question of law for purposes of an interlocutory appeal. "A legal question of the type referred to in § 1292(b) contrasts with a 'matter for the discretion

of the trial court.' . . . [A]n allegation of abuse [of discretion] does not create a legal issue." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994); *see also Ahrenholz*, 219 F.3d at 677 (the term "question of law" means "a 'pure' question of law rather than merely [] an issue that might be free from a factual contest"); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 463 (7th Cir. 2008) (questions containing "issues of fact as well as issues of law" are not appropriate for interlocutory appeal).

To make the point finer, the Court could rule on the legal issues as follows: the Debtors' plan does not violate § 1322(b)(10),[1] but the plan is still subject to the fairness requirement of § 1322(b)(1). In that instance, the Court could not proceed to analyze the bankruptcy court's ruling on unfair discrimination. Instead, the Court would have to send the case back to bankruptcy court for the Debtors to file a plan that does not unfairly discriminate, subject to another appeal if approved by the bankruptcy court. *Giesbrecht*, 429 B.R. at 687 ("While the denial of plan confirmation is interlocutory, it is well-settled that an order confirming a plan is a final order from which an appeal can be properly taken"). Given the "well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation," *In re Pullman Const. Indus., Inc.*, 143 B.R. 497, 498 (N.D. Ill. 1992), a more appropriate course of action is to await confirmation of the plan and take these issues as a whole after appeal from a final order. The Court does so reluctantly because the legal issues in this appeal are fully briefed and ready for resolution, but jurisdiction cannot be conferred on the

---

[1] Yet another problem with the posture of this appeal is that the Debtors did not list this issue in their statement of issues on appeal. Fed. R. Bankr. P. 8006. The issue is probably "inferable" because it was raised in the bankruptcy court. *Sundale, Ltd. v. Ocean Bank*, 441 B.R. 384, 387 (S.D. Fla. 2010). However, the Debtors compounded the problem by not addressing the issue in their initial brief. The Trustee anticipated the issue, but it is still unfair to the Trustee for briefing to proceed in this manner.

district court by litigants. The Debtors could have avoided this waste of time and resources by filing a motion for leave to appeal. Fed. R. Bankr. P. 8001(b).

This appeal is **DISMISSED** for lack of jurisdiction. The Clerk of Court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2012.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**